SOL ISENBERG ET AL. *v.* NICHOLAS STRASSER.

[Abstract Kentucky Law Reporter, Vol. 3—621, as Isenburg v. Strasser.]

**Binding Force of a Judgment.**

A judgment, not having been vacated or reversed, binds the parties to it, and is conclusive of their rights which were put in issue in the action which resulted in such judgment.

APPEAL FROM LOUISVILLE CHANCERY COURT.

February 16, 1882.

OPINION BY JUDGE LEWIS:

In the action of *Strasser v. Isenberg*, No. 32,220, the court adjudged that Henrietta Abrams held in trust for appellee, Strasser, an undivided one-third interest in the two tracts of land, and directed her, or, upon her failure, the commissioner of

court, to convey the same to Strasser. That judgment was rendered upon the pleadings, proof and exhibits filed, including the contract between Abrams and appellants, upon which they then and now rely as a basis for their claim for interest upon the two thousand dollars that by the terms of that contract she agreed to pay them.

The consideration appellants agreed to pay appellee for the tract of land was $6,000, of which they paid $1,000 in cash, $3,000 by the cancellation of the mortgage debt they held against him, and the remaining $2,000 was the alleged debt of Abrams against him which they agreed to cancel. The court, in the action mentioned, substantially decided that not to be a subsisting debt against appellee, the effect of which was to release appellants from the payment of Abrams of that much of the purchase-price they agreed to pay appellee. But in equity appellee was entitled to recover of appellants that sum and interest. But in lieu of the $2,000 and interest the court adjudged appellee entitled to one-third of the land, which, according to the price fixed upon it by the parties to this appeal, was equivalent to the amounts appellants then owed appellee.

That judgment, not having been vacated or reversed, binds the parties to it, and in our opinion appellee took under it an undivided one-third of the two tracts, unencumbered by any claim or right appellants may have acquired by their contract with Abrams.

Wherefore the judgment is *affirmed*.

*M. Mundy, for appellants.*

*John C. Walker, M. A. Sachs, for appellee.*